IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VELETTA BRISTOL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 1:11cv959-WC |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff, Veletta Bristol, applied for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq*. Her application was initially denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision in which he found Plaintiff not disabled. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 8); Def.'s Consent to Jurisdiction (Doc. 9). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-one years old at the time of the hearing before the ALJ and had completed the tenth grade. Tr. 21. Her past relevant work experience was as a cashier. Tr. 33. Following an administrative hearing, and employing the five-step process, the ALJ found Plaintiff had "not engaged in substantial gainful activity since October 9, 2009, the alleged onset date." (Step 1) Tr. 19. At Step 2, the ALJ found that Plaintiff suffered from the following severe impairments: "lumber degenerative disc disease, chronic low back pain, bilateral leg, knee and hand pain, obesity, anxiety and major depression, single episode, mild to moderate." *Id*. The ALJ then found that Plaintiff did "not have an impairment or combination of impairments that met or medically equaled one of the listed impairments." (Step 3) *Id*. Next, the ALJ determined that Plaintiff retained the RFC:

> to perform the full range of light work as defined in 20 C.F.R. §404.1567(b) and 416.967 (b). The claimant has mild to moderate postural limitations (climbing, balancing, stooping, kneeling, crouching and crawling) and mild manipulative limitations (reaching in all directions including overhead, handling, fingering, and feeling) with moderate limitations of the left hand. The claimant shall avoid hazardous machinery and work at unprotected heights. The claimant possesses mild situational depression.

Tr. 20. Later in the decision, the ALJ further reduced Plaintiff's RFC by finding that she would be limited to "unskilled" light work. Tr. 32. At Step Four, the ALJ determined Plaintiff could perform past work as a cashier/checker. Tr. 33. Even though that determination would preclude a finding of disability, the ALJ continued on to Step 5. After consulting with the VE, the ALJ identified jobs that existed in significant numbers in the

national economy that Plaintiff could perform and after applying the Medical-Vocational Rules, determined that Plaintiff had not been under a disability since the alleged onset date through the date of the decision.  Tr. 34.

IV.     **PLAINTIFF'S CLAIMS**

Plaintiff presents three issues for this courts review:  whether substantial evidence supports the ALJ's finding at step four that Plaintiff can return to past relevant work as a cashier;  whether the RFC is supported by substantial evidence; and whether the ALJ erred in his treatment of doctor Estock's opinion.

V.      **DISCUSSION**

   **A.     Whether substantial evidence supports the ALJ's finding at step four that Plaintiff can return to past relevant work as a cashier.**

Plaintiff asserts that the ALJ erred when he determined that Plaintiff was limited to unskilled light work, but then found that Plaintiff could return to her past employment as a cashier, which is semi-skilled work.  Pl.'s Br. (Doc. 14) at 11.  The Commissioner concedes this error, but argues that it is harmless.  Def.'s Brief (Doc. 15) at 8.

Indeed, the ALJ did error at Step 4, in that he determined that Plaintiff's RFC would limit her to unskilled light work, *see* Tr. 32, and then determined that Plaintiff could perform past work as a cashier, Tr. 33.  However, the error is harmless because the ALJ went on to Step 5 and identified light, unskilled jobs within the national economy that Plaintiff could perform.  *See, e.g., Delia v. Comm'r of Soc. Sec.*, 433 F. App'x 885, 887 (11th Cir. 2011) (finding harmless error where ALJ considered limitations at later stages of analysis).  Thus,

6

any error at Step 4 was rendered harmless when the ALJ identified light unskilled jobs that existed in the national economy that Plaintiff could perform.

**B.    Whether the RFC is supported by substantial evidence.**

Plaintiff's argument here is that the Steps 4 and 5 determinations are not supported by substantial evidence, because the RFC determination does not "articulate a single mental functional limitation occasioned by the 'severe' mental impairments of anxiety and major depression single episode." Pl.'s Br. (Doc. 14) at 13.  Plaintiff argues that the ALJ fell short of the requirement in SSR 96-8p that he "discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis," and, thus, the decision can not be reviewed.

The court does not agree that the ALJ's decision falls short of the requirements set forth in SSR 96-8p and that it cannot be reviewed.  First, the ALJ discussed the opinion of doctor Jacobs and his diagnosis of "major depression, single episode, mild to moderate." Tr. 24.  Second, the ALJ discussed the opinions of doctor Estock and his Psychiatric Review Form and Mental Residual Function Capacity Assessment. *Id*.  Third, the ALJ clearly stated in the decision that he accorded "greater weight" to doctor Estock's opinion "that documented no more than moderate mental deficits." Tr. 33.  Thus, the ALJ did discuss the "severe" mental limitations in making his RFC determination and this court is able to review the ALJ's determination. Moreover, Plaintiff fails to offer any argument, or point to any

evidence of record to show how the RFC conflicts with any mental findings at Step 2, and the court will not suppose arguments on Plaintiff's behalf.

**C.     The ALJ's designation of "greater weight" to doctor Estock's opinion.**

Here, Plaintiff argues that the ALJ erred when he gave "great weight" to doctor Estock's opinion, then seemingly rejected portions of it.  Pl.'s Br. (Doc. 15) at 15.  The ALJ determined that Plaintiff retained the RFC to perform a full range of unskilled work.  Yet, doctor Estock opined that Plaintiff's interaction with the public should be casual and that "criticism and feedback from supervisors and co-workers in the workplace should be casual and non-confronting [sic] or supportive."  Tr. 377.  Plaintiff argues that the ALJ's designation of "great weight" to doctor Estock's opinion, without including these restrictions in the RFC, or failing to explain why those restrictions were not included in the RFC, is fatal to the determination.  Moreover, Plaintiff argues that the error cannot be made harmless by examining the identified available jobs in the national economy, because those specific limitations were not given to the VE for consideration.

First, the court must note that doctor Estock was not a treating physician, he was a state agency reviewing doctor.  This is an important distinction, because his opinion is not subject to the required articulation of good cause of that of a treating physician.[5]   Doctor Estock's opinion was not based on a treating relationship, nor an examination.  Rather, it was based on a review of Plaintiff's records, which included Plaintiff's statements regarding her

---

[5] *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).

own symptoms, which were rejected in the ALJ's decision. *See* Tr. 32. Second, the ALJ specified that he was giving the opinion "great weight," but fell short of assigning it "controlling weight" which he could not do, as doctor Estock was not a treating source.[6] This is also an important distinction, because it is the job of the ALJ to review and weigh the evidence, as he did here. The ALJ also expressed (in the same paragraph in the decision) that he gave consideration to the opinion of doctor Jacobs, who's diagnosis "documented nothing disabling." Tr. 29, 33.

While a detailed explanation of the ALJ's rejection of this portion of doctor Estock's opinion would have been certainly helpful to this reviewing court, the court is able to review the ALJ's determination, and that determination is supported by substantial evidence. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 213 F. App'x 778, 780-81 (11th Cir. 2006). As the Commissioner rightly points out, those additional limitations were not supported by medical evidence of record. Def.'s Br. (Doc. 15) 11-12. Further, Plaintiff fails to identify medical evidence of record to show why the implicit rejection of this portion of doctor Estock's opinion was error.[7] As to Plaintiff's argument that the ALJ's finding that there are jobs in the national economy that Plaintiff can perform is flawed because the hypothetical question

---

[6] *See* 20 C.F.R. § 404.1527(d)(2).

[7] Indeed, Estock's opinion, even taken with the rejected portion, indicates that Plaintiff can perform a range of light work.

9

to the VE did not contain those limitations, the argument fails because the ALJ need not ask a question that includes limitations that were rejected.[8]

Plaintiff's central argument is that this court is unable to review the ALJ's determination and findings because the decision was inarticulate. Despite the error and lack of explication the court is able to review the decision and able to determine that it is supported by substantial evidence. The record does not reflect that Plaintiff was under a disability during the relevant time period.

## VI.  CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 15th day of May, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[8] *See Crawford v. Comm'r Of Soc. Sec*. 363 F.3d 1155, 1161 (11th Cir. 2004).